IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.L., by his grandmother and natural guardian SUZANNE L., A.N., C.N., J.N., and J.N., by their parent and natural guardian, JENNIFER N., S.C., child of AMY C., individually and on behalf of others similarly situated, and ASSOCIATES IN COUNSELING AND CHILD GUIDANCE, INC.<br>Plaintiffs,<br><br>v.<br><br>VALUE BEHAVIORAL HEALTH, INC., VALUE BEHAVIORAL HEALTH OF PENNSYLVANIA, INC., VALUE OPTIONS, INC., NORTHWEST BEHAVIORAL HEALTH PARTNERSHIP, INC., SOUTHWEST BEHAVIORAL HEALTH PARTNERSHIP, INC., ESTELLE RICHMAN, in her official capacity as Secretary of the Commonwealth of Pennsylvania, Department of Public Welfare, and MERCER COUNTY BEHAVIORAL HEALTH COMMISSION, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 09-113 Erie<br><br>District Judge McLaughlin<br><br>Magistrate Judge Baxter |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
on
Motion for Class Certification

I.      RECOMMENDATION

It is respectfully recommended that Plaintiffs' Motion to Certify Class [Document # 56] be dismissed without prejudice. Pursuant to Local Rule 23(C) adopted by the United States District Court for the Western District of Pennsylvania on September 1, 2009, this Court will conduct a special scheduling conference to discuss the timing of the filing of any subsequent motion for class certification.

1

II.     **REPORT**

   A.     **Relevant Procedural History**

   On May 18, 2009, Plaintiffs filed this civil action.  The Original Plaintiffs are nine identified minor children, represented by their respective parents and guardians, as well as Associates in Counseling and Child Guidance, Inc.  ("ACCG"), a mental healthcare provider.[1] Document # 1, ¶ 4.  Plaintiffs challenge the manner in which behavioral health services are provided to children who reside in the counties of Lawrence, Mercer, Venango and Crawford and whose families receive medical assistance through state and federal programs.  Plaintiff ACCG generally alleges that the Defendants "have embarked on a pattern of exclusionary, predatory, and other anti-competitive conduct designed to prevent ACCG and other providers from successfully continuing in the marketplace and have since strived to put ACCG out of business through improper and illegal activities."  Document # 1, ¶ 5.

   Named as Defendants are: Value Behavioral Health, Inc.; Value Behavioral Health of Pennsylvania, Inc.; Value Options, Inc.; Northwest Behavioral Health Partnership, Inc.; Southwest Behavioral Health Partnership, Inc.; Commonwealth of Pennsylvania Department of Public Welfare; Estelle Richman, in her official capacity as Secretary of the Commonwealth of Pennsylvania, Department of Public Welfare, and Mercer County Behavioral Health Commission, Inc.[2]  Defendants are represented separately.[3]

---

   [1]  All Plaintiffs are represented by John Corcoran of Jones, Gregg, Creehan & Gerace.

   [2]  In the Original Complaint, Plaintiffs group Northwest Behavioral Health, Southwest Behavioral Health and Mercer County Defendants together and refer to them collectively as the "County Defendants."  Document # 1, ¶ 39.

   [3]  The three Value entities are represented together by Thomas Henefer and Larry Selkowitz of Stevens & Lee, PC; Northwest Behavioral Health and Southwest Behavioral Health are represented by Sheryl Brown, Christine Celia, and Carla Marasca of Deasey, Mahoney & Valentini, Ltd.; the Commonwealth of Pennsylvania and Estelle Richman are represented by

(continued...)

The Original Complaint asserts a purported class action under Fed.R.Civ.P. 23(a) and 23(b)(2) defining the proposed class as:

> "All persons in Mercer, Venango, Crawford and Lawrence Counties under twenty-one (21) years of age who are or will be eligible for Medicaid benefits and who need or will need behavioral health care under the Medicaid Program."

Document # 1, ¶ 13. At ¶ 138 of the complaint, Plaintiffs allege the class can be maintained pursuant to Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B), 23(b)(2) and 23(b)(3).

After the filing of the complaint but prior to its service upon Defendants, Plaintiffs filed a motion for preliminary injunction. Document # 6. Plaintiffs also sought expedited discovery in anticipation of a hearing on the preliminary injunction motion. Document # 9. This Court originally set a hearing on the motion for preliminary injunction for June 29, 2009. Following service of the complaint, Defendants jointly opposed the motion to expedite discovery. Document # 26. Defendants also jointly filed a motion to strike the motion for preliminary injunction, or alternatively, for a continuation of the preliminary injunction hearing. Documents # 28-29, and 33-34.

In a telephonic conference held on June 25, 2009, this Court denied the motions to strike the motion for preliminary injunction, granted the motion for continuance of the injunction hearing, and denied the motion for expedited discovery. As part of that hearing, this Court directed Plaintiffs to file a supplement to the motion for preliminary injunction specifying the injunctive relief sought against each Defendant. Document # 36.

Thereafter, Plaintiffs filed the "Supplemental Motion for Preliminary Injunction Pursuant to Fed.R.Civ.P. 65". Document # 42. Beginning on July 22, 2009, this Court conducted a two-day evidentiary hearing on these motions. At the hearing, Plaintiffs argued that the requests for preliminary injunctive relief arose from the claims under the "Social Security Act, the Civil Rights Act and the Equal Rights Act." Document # 73, Transcript of July 23, 2009, at page 348-

---

[3](...continued)
Scott Bradley of the Attorney General's office; and Mercer County Behavioral Health Commission is represented by David White and Dean Falavolito of Burns, White & Hickton.

49.[4]

The present motion for class certification was filed on July 21, 2009, in support of the

Original Complaint.  In that motion, Plaintiffs argue:

> Plaintiff children seek declaratory, injunctive, and monetary relief based upon violation of the Social Security Act, 42 U.S.C. §1396 (Count IV); violation of the Equal Protection Clause of the U.S. and Pennsylvania State Constitutions (Count V); violation of the Civil Rights Act, Section 1983 (Count VI), Breach of Contract (Counts VII and VIII); and violation of the Pennsylvania Quality Healthcare Accountability and Protection Act, 40 P.S. §991.2101 (Count IV) (sic); as well as request for injunctive relief.

Document # 57, page 3.

On September 21, 2009, Plaintiffs filed an Amended Complaint. Document # 85.  The

Amended Complaint raised new claims, expanded upon original claims, and changed the named

Plaintiffs, deleting several children and adding one child.  The Amended Complaint also deleted

the Department of Public Welfare as a Defendant  while all other Defendants remained the

same.

The Amended Complaint asserts a purported class action under Federal Rule 23(a) and

23(b)(2) defining the class as:

> "All persons in Mercer, Venango, and Crawford Counties under 21 years of age who are or will be eligible for Medicaid benefits and who need or will need behavioral health care under the Medicaid program."

Document # 85, ¶ 16.  At ¶ 154, Plaintiffs allege the class can be maintained pursuant to

Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B), 23(b)(2) and 23(b)(3).  Id.


**B.      Certification of a Class Action**

Class actions are the procedure by which a federal district court exercises jurisdiction

over the individual claims of each member of a class in a single proceeding.  Califano v.

Yamasaki, 442 U.S. 682, 701 (1979).  Class actions are instituted and maintained pursuant to the

---

[4]  At the hearing, Plaintiffs also challenged Defendants' actions under the Pennsylvania Psychological Practice Act.  Document # 73, at page 334.

requirements of Federal Rule of Civil Procedure 23.[5]  A class action determination requires

---

    [5]  Rule 23 provides, in pertinent part:

(a)      Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b)      Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution

(continued...)

"rigorous analysis" to ensure that certification is appropriate.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 595 n.13 (2007) citing General Telephone Company of Southwest v. Falcon, 457 U.S. 147, 160 (1982).  "Class actions are permissive, not mandatory."  Sprint Communications Company, L.P. v. APCC Services, Inc., ___ U.S. ___, ___, 128 S.Ct. 2531, 2545 (2008)("More importantly, class actions constitute but one of several methods for bringing about aggregation of claims, *i.e.,* they are but one of several methods by which multiple similarly situated parties get similar claims resolved at one time and in one federal forum.").

    The party asserting the existence of a class has the burden of demonstrating that the requirements of Federal Rule of Civil Procedure 23 have been met.  AmChem Products, Inc., v. Windsor, 521 U.S. 591 (1997).  To satisfy that burden, the moving party must meet all of the requirements of Rule 23(a)[6] and then must also meet the requirements of one of the subsections of Rule 23(b).  In Re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 316 n14 (3d Cir. Jan. 16, 2009). The Third Circuit has instructed repeatedly that it may be necessary for a district court to  "delve beyond the pleadings to determine whether the requirements for class certification are satisfied."  In Re Schering Plough Corp. ERISA Litigation, 589 F.3d 585, 596 (3d Cir. Dec.21, 2009) quoting Hydrogen Peroxide, 552 F.3d at 316.  "The mandates set out in Rule 23 are not mere pleading rules."  In Re Constar International Inc. Securities Litigation, 5895 F.3d 774, 779 (3d Cir. Oct.29, 2009).  See also In re Initial Public Offering Secur. Litig.,

---

[5](...continued)
                    or defense of separate actions;

                    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

                    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

                    (D) the likely difficulties in managing a class action.

   [6]  These Rule 23(a) prerequisites are commonly referred to as numerosity, commonality, typicality and adequacy.

471 F.3d 24, 33 (2nd Cir.2006) (Rule 23 requirements must be met, not just supported by "some evidence.").

Recently, the Third Circuit directed:

> In this appeal, we clarify three key aspects of class certification procedure. First, the decision to certify a class calls for findings by the court, not merely a "threshold showing" by a party, that each requirement of Rule 23 is met. Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence. Second, the court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits-including disputes touching on elements of the cause of action. Third, the court's obligation to consider all relevant evidence and arguments extends to expert testimony, whether offered by a party seeking class certification or by a party opposing it.

Hydrogen Peroxide, 552 F.3d at 307.

Typically at this stage of the discussion, this Court would analyze each of the 23(a) prerequisites in turn, based on the allegations in the complaint and in the motion to certify the class. However, given the unusual procedural posture of this case, any such analysis is inappropriate at this stage of the litigation because the motion for class certification corresponds to the allegations of the Original Complaint, and not the Amended Complaint.

Here, a more thorough review of the Original Complaint, the Motion to Certify the Class, and the Amended Complaint are helpful to an understanding of why the filing of the Amended Complaint in this case necessitates the dismissal of the motion to certify the class.

### 1)      The Original Complaint

The Original Plaintiffs are nine identified minor children, represented by their respective parents and guardians, as well as Associates in Counseling and Child Guidance, Inc. ("ACCG").  The Original Complaint identifies the children as:

> A.L., by his grandmother and natural guardian, Suzanne L.;
>
> T.H., S.N., A.N., C.N., J.N., and J.N., by their parent and natural guardian, Jennifer N.; and

T.N., Jr., and M.H., by their parent and natural guardian, Terry N.

Id.  Eight of the nine children are residents of Mercer County, Pennsylvania, while one child

resides in neighboring Crawford County.  Id. at ¶¶ 20-26.

The Original Complaint includes several counts:

| | |
|---|---|
| Count I | Violation of the Sherman Anti-Trust Act, Section 1 |
| Count II | Violation of the Sherman Anti-Trust Act, Section 2 (specifically against the Value Defendants and the "County Defendants" identified as Northwest, Southwest and Mercer) |
| Count III | Tortious Interference with current and prospective Business Relationships with Patients |
| Count IV | Violation of the Social Security Act, 42 U.S.C. §1396 (specifically against the Value Defendants and the Department of Public Welfare) |
| Count V | Violation of the Equal Protection Clauses of the U.S. and Pennsylvania Constitutions |
| Count VI | Violation of 42 U.S.C. § 1983 |
| Count VII | Breach of Contract (Plaintiff children v. Value Defendants) |
| Count VIII | Breach of Contract (Plaintiff children v. Northwest and Commonwealth of Pennsylvania) |
| Count IX | Violation of the Pennsylvania Quality Healthcare Accountability and Protection Act, 42 P.S. § 991.2101 (specifically against the Value Defendants and the "County Defendants") |
| Count X | Injunctive Relief |

Document # 1.[7]   The Original Complaint does not specify which count involves which

_____

[7]  In the Original Complaint, Plaintiffs seek the following as relief:

(continued...)

Plaintiffs or Defendants.

The Original Complaint asserts a purported class action under Fed.R.Civ.P. 23(a) and 23(b)(2) defining the proposed class as:

> "All persons in Mercer, Venango, Crawford and Lawrence Counties under twenty-one (21) years of age who are or will be eligible for Medicaid benefits and who need or will need behavioral health care under the Medicaid Program."

Document # 1, ¶ 13. At ¶ 138 of the complaint, Plaintiffs allege the class can be maintained pursuant to Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B), 23(b)(2) and 23(b)(3). However, the motion to certify the class indicates that class certification is sought pursuant to Rule 23(b)(1)(A),

---

[7](...continued)

  a)   Suspend the practice of using "value prescribers" and allow any Pennsylvania licenced psychologist to conduct the initial evaluations and re-evaluations in order to prescribe medically necessary services;

  b)   Suspend the practice of using professionals other than Pennsylvania licensed psychologists for peer reviews;

  c)   Grant ACCG a license to provide Family Based treatment, and create appropriate criteria for the licensing of other qualified providers;

  d)   Award counsel fees, costs and expenses;

  e)   Permit ACCG to serve as a provider in Lawrence County;

  f)   Award damages to the Plaintiffs for the violations of the Act including, but not limited to, compensatory and punitive damages;

  g)   Award treble damages from Defendants, plus costs of suit, including reasonable attorney's fees and simple interest on actual damages;

  h)   Permit other managed care companies to compete in the marketplace;

  i)   Direct that all children are to receive timely and appropriate mental healthcare that is not restricted in scope and duration; and

  j)   Award such other relief as deemed appropriate.

Document # 1, pages 54-55.

23(b)(1)(B) and/or 23(b)(2) and defines the class as "persons in Mercer, Venango, and Crawford counties" omitting the reference to children in Lawrence County. Document # 56, ¶¶ 1-2. The brief in support of the motion for class certification also omits any reference to children within Lawrence County. Document # 57, page 2. These inconsistencies between the motion for class certification and the allegations of the original complaint have not been explained in any subsequent filings by Plaintiffs.

### 2) Motion to Certify Class

The motion for class certification was filed on July 21, 2009, in support of the Original Complaint. In that motion, Plaintiffs indicate that the plaintiff-children seek relief based upon "violation of the Social Security Act, 42 U.S.C. §1396 (Count IV); violation of the Equal Protection Clause of the U.S. and Pennsylvania State Constitutions (Count V); violation of the Civil Rights Act, Section 1983 (Count VI), Breach of Contract (Counts VII and VIII); and violation of the Pennsylvania Quality Healthcare Accountability and Protection Act, 40 P.S. §991.2101 (Count IV) (sic)." Document # 57, page 3.

Plaintiffs argue that:

> "the conduct of the Defendants in violating the Social Security Act, the Civil Rights Act and guaranteed federal rights, are all questions of law and fact which are common. This includes the arbitrary and capricious denial of medically necessary services by managed care companies in these counties and the disparate treatment of children in these counties in violation of the Equal Protection Clause. Furthermore, the continuing violation of the Social Security Act and other violations of Section 1983 of the Civil Rights Act, which are expressly set forth in the Complaint, involve common questions of law and fact for all of the Plaintiffs. Complaint at ¶¶ 143-145."

Id. at page 5.

### 3) The Amended Complaint

The Amended Complaint filed on September 21, 2009, months after the filing of the

motion for class certification, changed the named Plaintiffs, deleting several children and adding

one child.  Document # 85.  The Amended Complaint identifies the individual Plaintiffs as:

> A.L., by his grandparent and natural guardian, Suzanne L., who is a seven year old child receiving behavioral and mental health services through Medicaid in Crawford County;

> A.N., by his parent and natural guardian Jennifer N., who is a ten year old child receiving behavioral and mental health services through Medicaid in Mercer County;

> C.N., by his parent and natural guardian Jennifer N., and is an eleven year old child receiving behavioral and mental health services through Medicaid in Mercer County;

> J.N., by parent and natural guardian Jennifer N., and is an eleven year old child receiving behavioral and mental health services through Medicaid in Mercer County;

> J.N., by parent and natural guardian Jennifer N., and is an eight year old child receiving behavioral and mental health services through Medicaid in Mercer County; and

> S.C., by his parent and natural guardian Amy C., is an autistic nine year old child receiving behavioral and mental health services through Medicaid in Mercer County.

Document # 85, ¶¶ 23-28.[8]  These children are referred to collectively as the "Plaintiff Children

Class."  Id. at ¶ 29.  The Amended Complaint also amended ACCG to "ACCG both on their

own behalf, as well as on behalf of others similarly situated."  Id. at ¶ 30.  As to Defendants, the

Amended Complaint deleted DPW, but all other Defendants remained the same.

The Amended Complaint asserts a purported class action under Federal Rule 23(a) and

23(b)(2) defining the class as:

---

[8]  This Court notes: 1) there is no Verification to the Amended Complaint signed by Suzanne L. on behalf of A.L.; and 2) the Verification signed by Jennifer N. identifies her as the parent of only three children, Jo.N., Ja.N., and C.N.  Document # 85, page 79.

"All persons in Mercer, Venango, and Crawford Counties under 21 years of age who are or will be eligible for Medicaid benefits and who need or will need behavioral health care under the Medicaid program."

Id. at ¶ 16.  At ¶ 154, Plaintiffs allege the class can be maintained pursuant to Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B), 23(b)(2) and 23(b)(3).  Id.

The Amended Complaint includes several counts:

| | | |
|---|---|---|
| Count I | All 6 Children v. Value Defendants, Northwest, and Richman | §1983 - violation of various provisions of Social Security Act |
| Count II | Children of Jennifer and Amy v. Value Defendants, Northwest and Richman | §1983 - retaliation[9] |
| Count III | Children of Jennifer and Amy and ACCG v. Value Defendants, Northwest and Richman | §1983/§1985 - conspiracy |
| Count IV | All 6 children and ACCG v. Value Defendants, Northwest and Richman | §1983 - Equal Protection Clause |
| Count V | All 6 children v. Value Defendants and Northwest | Breach of Contract |
| Count VI | All 6 children v. Northwest and Richman | Breach of Contract |
| Count VII | ACCG v. Value Defendants, Northwest and Southwest | Tortious Interference with business relationships |
| Count VIII | ACCG v. Value Defendants, Northwest and Mercer | Sherman Anti-trust Act - Section 1 |

---

[9]  The retaliation claim allegedly stems from testimony given by Amy C. and Jennifer N. during the evidentiary hearing held before this Court in July of 2009 on the original motion for preliminary injunction.  Document # 85, ¶¶ 202-245.

Count IX        ACCG v. Value Defendants, Northwest and Mercer
                Sherman Anti-trust Act - Section 2

Count X         ACCG v. Value Defendants and Southwest
                Sherman Anti-trust Act - Section 1

Count XI        ACCG v. Value Defendants, Northwest and Southwest
                Pennsylvania Quality Healthcare Accountability & Protection Act

Document # 85.[10]

_____

[10]  In the Amended Complaint, Plaintiffs seek the following as relief, under Counts I -
VII:

      1)      Suspend the practice of using "value prescribers" and allow any
        Pennsylvania licenced psychologist to conduct the initial evaluations and
        re-evaluations in order to prescribe medically necessary services;

      2)      Suspend the practice of using professionals other than Pennsylvania
        licensed psychologists for peer reviews;

      3)      Award counsel fees, costs and expenses;

      4)      Direct that all children are to receive timely and appropriate mental
        healthcare that is not restricted in scope and duration;

      5)      Enter an appropriate order freeing "peer review" from being under the
        control of Value;

      6)      Award such other relief as deemed appropriate by the Court.

Document # 85, pages 44-45, et. seq.

Additionally, under Count IV (the equal protection claim), Plaintiffs seek compensatory and
punitive damages to the Plaintiffs and that this Court "permit other managed care companies to
compete in the marketplace." Id. at pages 56-57.

At Counts V and VI (breach of contract claims), Plaintiffs seek the following relief:

      1)      grant ACCG a license to provide family based treatment and create

(continued...)

13

---

[10](...continued)

              appropriate criteria for the licensing of other qualified providers;

2)      award treble damages from Defendants, plus costs of suit, including attorney's fees and simple interest on actual damages;

3)      permit other managed care companies to compete in the marketplace

Id. at 60-61, 63-64.

At Count VII (the tortious interference claim), Plaintiff ACCG requests the following relief:

1)      grant ACCG a license to provide family based treatment and create appropriate criteria for the licensing of other qualified providers;

2)      permit ACCG to serve as a provider in Lawrence County;

3)      award compensatory and punitive damages for violation of the Act (presumably Social Security Act);

4)      award treble damages from Defendants, plus costs of suit, including attorney's fees and simple interest;

5)      permit other managed care companies to compete in the marketplace.

Id. at 65-66.

At Counts VIII, IX, and X (the Sherman Act counts), Plaintiff ACCG seeks the following relief:

1)      Suspend the practice of using "value prescribers" and allow any Pennsylvania licenced psychologist to conduct the initial evaluations and re-evaluations in order to prescribe medically necessary services;

2)      grant ACCG a license to provide family based treatment and create appropriate criteria for the licensing of other qualified providers;

3)      award counsel fees, interest, costs and expenses;

4)      award treble damages;

5)      award such other relief as deemed appropriate by the Court.

(continued...)

In this case, the Amended Complaint has dramatically changed the landscape of this litigation; yet, Plaintiffs have not sought to either renew their motion for class certification or to supplement their motion to brief the new matters raised in the Amended Complaint.  The Amended Complaint changes the litigants on both the Plaintiffs' side and the Defendants' side, raises entirely new claims, and seeks different relief.

By way of example, Plaintiffs have completely shifted their focus as to the commonality

---

[10](...continued)
Id. at 71-73, 75.

At Count XI (the Pennsylvania Healthcare Accountability Act claim), Plaintiff ACCG seeks the following relief:

1)      Suspend the practice of using "value prescribers" and allow any Pennsylvania licenced psychologist to conduct the initial evaluations and re-evaluations in order to prescribe medically necessary services;

2)      Suspend the practice of using professionals other than Pennsylvania licensed psychologists for peer reviews;

3)      Grant ACCG a license to provide family based treatment and create appropriate criteria for the licensing of other qualified providers

4)      Award counsel fees, interest, costs and expenses;

5)      Permit ACCG to serve as a provider in Lawrence County;

6)      Award compensatory and punitive damages to the Plaintiffs for violations of the Act;

7)      award treble damages;

8)      award such other relief as the Court deems appropriate.

Id. at 77-78.

prerequisite of Rule 23(a)(2).[11]   In their motion for class certification, Plaintiffs identify the

common questions of law and fact:

> 1)      was/is the arbitrary and capricious denial of medically necessary services by a managed care company, a violation of the Social Security Act and a violation of the Plaintiffs' and Class Members' rights?
>
> 2)      was/is the disparate treatment of children eligible for Medicaid, a violation of the Equal Protection Clause of the United States and Pennsylvania Constitution and to the Plaintiffs' and Class Members' rights?
>
> 3)      was/is the continuing violation of the Social Security Act a violation of the Plaintiffs' and Class members' civil rights under Section 1983 of the Civil Rights Act?
>
> 4)      was/is the continuing violation of the contract between Value and the Commonwealth of Pennsylvania, a breach of contract for the benefit of the Plaintiffs and Class Members as third party beneficiaries of the contract?
>
> 5)      was/is the arbitrary, capricious and unlawful denial of treatment to the Plaintiffs and Class Members, a violation of the Social Security Act?
>
> 6)      have the Defendant (sic) violate (sic) the Plaintiffs' and Class Members' federally guaranteed rights?

Document # 56, pages 3-4.  Yet, in their Amended Complaint, Plaintiffs identify the following

as the common questions of law and fact:

> 1)      The Plaintiff Children's Class are subject to a peer review process, which

---

[11]   The commonality element requires that there be issues of law or fact common to the class.  Not all questions of law or fact need be in common.  Schering Plough, 589 F.3d at 597 n10, quoting In Re "Agent Orange" Prod. Liab. Litig., 818 F.2d 145, 166-67 (2d Cir. 1987).   If the named plaintiff shares at least one question of law or fact with the prospective class, the commonality requirement is satisfied.  Id. quoting Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994).  "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or threat of injury ... [that] is real and immediate, not conjectural or hypothetical."  Hagan v. Rogers, 570 F.3d 146, 158 (3d Cir. June 19, 2009) quoting Hassine v. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988).

enables unlicensed psychologists who do not see the children to materially alter treatment plans prepared by a Pennsylvania licensed psychologist.

2)   The Plaintiff Children's Class are being denied a reasonably prompt determination of their rights to medically necessary services and to a fair hearing because the decisions issued by the Commonwealth of Pennsylvania through the behavioral process are not entered until after the 120 day waiver period for the child to obtain service in violation of 42 U.S.C. §1396a(a)(3).

3)   The practice of utilizing an independent prescriber model only in the counties of Mercer, Venango and Crawford County violates the equal protection clause of the United States Constitution by disparately treating categorily (sic) needy children in these three counties.

4)   The common conditions and practices under the unitary scheme engaged by Value and Richman to arbitrarily and capriciously deny and reduce necessary mental health services to all eligible individuals as required by the Social Security Act in Section 1983.

Document # 85, ¶ 158.

It is Plaintiffs' burden to demonstrate that this case should be certified as a class action. AmChem; Schering Plough; Hydrogen Peroxide. Due to the filing of the Amended Complaint, the motion for the certification of the class should be dismissed as Plaintiffs cannot meet this burden.

Additionally, Rule 23(c)(1)(B) requires: "an order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Id. The Third Circuit has stringently applied this Rule holding that "Rule 23(c)(1)(B) requires district courts to include in class certification orders a clear and complete summary of those claims, issues, or defenses subject to class treatment." Wachtel v. Guardian Life Ins. Company of America, 453 F.3d 179, 184 (3d Cir.2006). See also Nafar v. Hollywood Tanning Systems, Inc., 339 Fed.Appx.216, 219 (3d Cir. 2009). The Wachtel Court noted that most district court opinions fall short of this standard, as typical certification orders "tend to treat the parameters of the class itself much more clearly and deliberately than the class claims, issues, or

17

defenses." Id.[12]   In this action, Plaintiffs moving papers are far from adequate for this Court to draft a certification order that would comply with the Wachtel requirements.  See Rowe v. E.I. duPont de Nemours and Company, 2008 WL 5412912, at * 23 (D.N.J.)("In this case, Plaintiffs have not sufficiently delineated the specific issues ... that are appropriate for class treatment. The Court has labored to discern some common issues, as set forth above; however, in light of the Third Circuit's ruling in Wachtel that any certification order entered by the Court must include 'a clear and complete summary of those claims, issues or defenses subject to class treatment[,]' the Court will leave to Plaintiffs the task of identifying 'clear[ly] and complete [ly]' the specific issues that they believe merit class certification consistent.").

III.    CONCLUSION

For all of the foregoing reasons, it is respectfully recommended that that Plaintiffs' Motion to Certify Class [Document # 56] be dismissed without prejudice.  Pursuant to Local Rule 23(C) adopted by the United States District Court for the Western District of Pennsylvania on September 1, 2009, this Court will conduct a special scheduling conference to discuss the timing of the filing of any subsequent motion for class certification.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  No extensions of time will be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[12]  "Most significantly, it seems self-evident that a clear and complete statement of the claims, issues, or defenses to be treated on a class basis will shed light on a district court's numerosity, commonality, typicality, and predominance analysis under Rule 23(a) and (b)." Wachtel, 453 F.3d at 186.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 24, 2010